# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | |
| LINDA PETERSON | : | Civil Action No. |
| | : | 7:07-CR-22-HL |
| Defendant. | : | |

# ORDER

Before the Court are Defendant's Motion to Suppress Grand Jury Testimony and Dismiss Count I of the Indictment (Doc. 40), Motion to Dismiss Count II of the Indictment (Doc. 38), and Motion to Dismiss Count III of the Indictment (Doc. 37). For the following reasons, Defendant's Motions are denied.

## I.  FACTS

Defendant Linda Peterson is charged in a three count Indictment (Doc. 22) with various offenses related to her position as a magistrate judge in Clinch County, Georgia. Count I charges that Defendant committed the offense of perjury in violation of 18 U.S.C. § 1623(a) when she testified before the grand jury that she never recommended that a criminal defendant, identified in the indictment as JET, use her father as a bondsman. Count II charges that she gave false statements to the FBI in violation of 18 U.S.C. § 1001(a)(2) when she stated that she had not asked employees of the Clinch County Sheriff's Department what steps needed to

be taken in order for her father to write bonds. Last, Count III charges that Defendant committed the offense of conspiracy to commit extortion by a public official in violation of 18 U.S.C. § 1951(a) when she threatened to incarcerate "TS" if TS did not pay a sum of money to CC #2. Defendant has filed a Motion to Suppress Grand Jury Testimony and Dismiss Count I of the Indictment, Motion to Dismiss Count II, and Motion to Dismiss Count III.

## II.  DISCUSSION

### A.  Motion to Suppress and Dismiss Count I

Defendant contends that her grand jury testimony should be suppressed and the perjury count dismissed pursuant to the perjury trap doctrine. A perjury trap exists "when the government calls a witness before the grand jury for the primary purpose of obtaining testimony from him in order to prosecute him later for perjury." United States v. Chen, 933 F.2d 793, 796 (9th Cir. 1991). "It involves the government's use of its investigatory powers to secure a perjury indictment on matters which are neither material nor germane to a legitimate ongoing investigation of the grand jury." Id. Defendant argues that perjury trap defense is applicable in this case because the questions that serve as the basis for the perjury charge were not relevant to the grand jury's inquiry, and the Government did not need to ask those questions because it already possessed a tape recording in which Defendant recommended that JET use her father as a bondsman.

As an initial matter, it is worth noting that the Eleventh Circuit has never

expressly adopted the perjury trap doctrine. But this Court need not decide whether to adopt this defense because Defendant is not entitled to this defense based on the facts currently before the Court.[1] In this case, the Government was conducting an investigation into whether judicial officials in Clinch County, Georgia, were using their office in violation of federal law. The questions that serve as the basis for the perjury count relate to whether Defendant used her position as a magistrate judge in Clinch County for her own personal financial gain. As a result, on the facts presently before the Court, the perjury defense is inapplicable because the questions related to a legitimate investigation.[2] See United States v. Waldon, 363 F.3d 1103, 1112-13 (11th Cir. 2004) ("[T]here is no 'perjury trap' when uncooperative witnesses lie in response to questions related to legitimate investigations."). The fact that the Government already possessed a tape recording that contradicted her grand jury testimony does not compel a contrary conclusion. See United States v. Phillips, 540 F.2d 319, 328-29 (8th Cir. 1976). Defendant's Motion to Suppress Grand Jury

---

[1] As stated above, the perjury trap defense applies when the Government secures a perjury indictment on matters that are not material to the grand jury's investigation. But materiality is an element of a perjury charge, and therefore, the Government cannot secure a perjury conviction unless it can establish at trial that the defendant's false statements were material. Thus, the perjury trap defense is somewhat superfluous.

[2] This Court would like to point out that it is not concluding that the Government has established the materiality element of the perjury charge. This Court has only concluded that at this time, this Court cannot determine that the questions asked of Defendant were not material to the grand jury's investigation. The determination of whether the Government has established the materiality element of the perjury charge can only be made after the Government presents its case at trial, and even then it will be a question for the jury to resolve, unless the Government fails to introduce sufficient evidence to withstand a Rule 29 motion.

Testimony and Dismiss Count I is therefore denied.

    **B.    Motion to Dismiss Count II**

Count II charges Defendant with a violation of 18 U.S.C. § 1001(a)(2), which makes it an offense to knowingly and willfully make materially false statements to Government agents. "[A] material fact is one that has a natural tendency to influence or be capable of influencing the government agency or department in question." United States v. Lawson, 809 F.2d 1514, 1520 (11th Cir. 1987). Thus, the false statement need not actually influence the Government agency. Id. The issue of materiality is a question of fact for the jury to decide. United States v. Gaudin, 515 U.S. 506, 518-19, 522-23 (1995).

In this case, Defendant contends that Count II should be dismissed because the subject-matter of the false statements was not material to the FBI's investigation, and the FBI could not have been influenced by her false statements because the FBI already had evidence that they were false. Defendant's arguments are without merit. The question of materiality is a question of fact for the jury to decide. Id. While Defendant argues that there is insufficient evidence of materiality, this Court cannot address the sufficiency of the evidence at this stage. It is well-established that there is no summary judgment procedure in criminal cases. See United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004). The Indictment properly charges that the alleged false statements were material. Accordingly, Defendant's Motion to Dismiss Count II is denied.

## C. Motion to Dismiss Count III

Count III charges Defendant with conspiracy to commit extortion by a public official in violation of 18 U.S.C. § 1951(a), which is commonly referred to as the Hobbs Act. Count III alleges that TS managed real property that was being leased by CC #2. CC #1, a judicial official in Clinch County, and CC #2 each owned a one-half interest in logging equipment that was stored on the real property. Because CC #2 owed approximately $900 in back rent on the real property, TS, acting under the direction of the real property's owner, removed and dismantled the logging equipment. At that point, CC #2 filled out an application for the arrest of TS because TS had removed the logging equipment and refused to pay CC #1 and CC #2 a sum of money that represented the estimated value of the logging equipment. The alleged extortion occurred when Defendant threatened to incarcerate TS if he did not pay that sum of money to CC #2.

"An extortion conviction under the Hobbs Act requires proof that (1) the defendant induced his victim to part consensually with property (2) either through the wrongful use of actual or threatened force, violence or fear or under color of official right (3) in such a way as to adversely affect interstate commerce." United States v. Smalley, 754 F.2d 944, 947 (11th Cir. 1985). There are two types of Hobbs Act extortion: (1) extortion by force, which is the "'obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear;'" and (2) extortion under color of official right, which is the "'obtaining of

property from another, with his consent, under color of official right.'" United States v. Clark, 773 F. Supp. 1533, 1534 (M.D. Ga. 1991) (quoting United States v. Williams, 621 F.2d 123, 124 (5th Cir. 1980)).[3]  In order to establish extortion under color of official right, the Government does not need to show the element of actual or threatened force, violence, or fear.  United States v. Glass, 709 F.2d 669, 674 (11th Cir. 1983).  In both types of extortion, the taking of the victim's property must have been "wrongful."  See United States v. Enmons, 410 U.S. 396, 399-400 (1973); U.S. v. Pendergraft, 297 F.3d 1198, 1205 (11th Cir. 2002).  Wrongful means the extortionist had no lawful or legal claim to the property.  Pendergraft, 297 F.3d at 1205.

Here, Defendant contends that Count III should be dismissed because (1) Defendant could lawfully claim payment from TS on behalf of CC #2, (2) Count III does not properly allege a conspiracy, (3) Count III fails to set forth the requisite nexus with interstate commerce, and (4) Count III is vague.  In the alternative, Defendant requests a bill of particulars that states (1) the dollar amount allegedly extorted, (2) the agreement between the alleged conspirators, (3) the participation of Magistrate Peterson in the alleged conspiracy, (4) the wrongful act intended to be pursued by the alleged conspirators, (5) all real estate and its location managed by TS at the time of the alleged conspiracy, (6) the activities of TS in managing

---

[3]The United States Court of Appeals for the Eleventh Circuit has adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, as its governing body of precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).  This body of precedent is binding unless and until overruled by the Eleventh Circuit en banc.  Id.

commercial real estate that potentially affect interstate commerce, (7) how the alleged conspiracy could have affected interstate commerce through the logging interests of CC #1 and CC #2, and (8) how the alleged conspiracy could have affected interstate commerce through the Office of the Magistrate Judge of Clinch County.

As stated above, there is no summary judgment procedure in criminal cases. Salman, 378 F.3d at 1268.  An indictment is sufficient if (1) it contains the elements of the offense intended to be charged and sufficiently apprises the defendant of the charge he must defendant against, and (2) it permits the defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. Hamling v. United States, 418 U.S. 87, 117 (1974).  An indictment is typically sufficient if it charges in the language of the statute.  Salman, 378 F.3d at 1268.

In this case, Count III charges in the language of the statute.  Thus, the Indictment adequately charges that Defendant committed the offense of conspiracy to commit extortion.  At this stage, it would be improper for this Court to determine whether there is adequate evidence to establish that the taking of TS's property was wrongful.  That determination will have to be made after the Government presents its case-in-chief.  Likewise, Count III adequately charges a conspiracy and the requisite nexus with interstate commerce.  See e.g., United States v. Williams, 679 F.2d 504, 509 (5th Cir. 1982) ("An indictment which alleges the interstate commerce element of a federal offense in conclusory terms, without setting forth evidentiary

detail, is not insufficient."). Last, Count III is not impermissibly vague. Count III's nineteen paragraphs of factual allegations adequately apprise Defendant of the charge she must defend against and permit her to plead an acquittal or conviction in bar of future prosecutions for the same offense. For these reasons, Defendant's Motion to Dismiss Count III is denied.

In the alternative, Defendant has requested a bill of particulars. The purpose of a bill of particulars is to provide the defendant with sufficient information to allow her to prepare a defense for trial, to minimize surprise at trial, and to allow the defendant to plead double jeopardy in the event of a later prosecution for the same offense. United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986). The decision whether to grant a bill of particulars rests within the sound discretion of the district court. United States v. Draine, 811 F.2d 1419, 1421 (11th Cir. 1987).

In its response brief, the Government provided additional information in twenty numbered paragraphs that it said was responsive to Defendant's request for a bill of particulars. This information, however, is largely the same information that appears in the indictment and does not respond to many of Defendant's requests. The Government has responded to Defendant's requests six (6) through (8), which deal with the interstate commerce issue, but it has not responded to the other requests. In addition, nowhere in its response brief does the Government contend that Defendant is not entitled to this information. Thus, because the Government has not indicated that it opposes providing this information, the Government is

ordered to respond to Defendant's requests one (1) through five (5) no later than Wednesday, June 4, 2008.

**SO ORDERED**, this the 2nd day of June, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc